# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RONALD MCGEE and RONETTA MCGEE, <br><br>Plaintiffs, <br><br>v. <br><br>U.S. AUTO CREDIT CORPORATION, <br><br>Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:21-cv-00194 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW COME Plaintiffs RONALD MCGEE ("Mr. McGee") and RONETTA MCGEE ("Mrs. McGee") (collectively, "Plaintiffs"), by and through their attorneys, Consumer Law Partners, LLC, complaining as to the conduct of U.S. AUTO CREDIT CORPORATION ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 et seq., and the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 et seq., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiffs are consumers over 18-years-of-age residing in Lucas County, which is located within the Northern District of Ohio.

5. Plaintiffs are "person[s]" as defined by 47 U.S.C. § 153(39).

6. Defendant provides "subprime lending services for auto dealers"[1] across the country. Defendant is a corporation organized under the laws of the State of Florida, with its principal place of business located at 8120 Nations Way, Suite 208, Jacksonville, Florida 32256. Defendant regularly collects upon consumers residing within the State of Ohio.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

10. In or around 2019, Mr. McGee entered into a financing agreement with Defendant to purchase a 2010 Chevrolet Impala.

---

[1] https://www.usautocreditcorp.com/

11. Due to financial hardship, as well as his health impairments and disabilities Mr. McGee began falling behind on his monthly payments owed to Defendant, thus incurring debt ("subject debt").

12. During the fall of 2020, Mr. McGee and Mrs. McGee began receiving calls to their respective cellular phones, (419) XXX-6328 and (419) XXX-1956, from Defendant.

13. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phones ending in -6328 and -1956. Plaintiffs are and always has been financially responsible for the cellular phones and their services.

14. Defendant has primarily used the phone number (855) 889-1236 when placing calls to Plaintiffs' cellular phone numbers, but upon belief, Defendant has used other phone numbers as well.

15. Upon information and belief, the aforementioned phone number ending in -1236 is regularly utilized by Defendant during its debt collection activities.

16. During answered calls from Defendant, Plaintiffs experience a noticeable pause, lasting a handful of seconds in length, and often have to say "hello" several times before a live representative begins to speak.

17. Upon speaking with Defendant, Plaintiffs are informed that Defendant is seeking to collect upon the subject debt.

18. At the outset of Defendant's collection calls, Mr. McGee explained the distressing situation Plaintiffs were experiencing, and informed Defendant that he was unable to make payment toward the subject debt.

19. In spite of these upsetting circumstances, Defendant continued placing collection calls to Mr. McGee's cellular phone, causing him to demand that Defendant stop calling.

20. These requests have been reiterated by Mrs. McGee, who even contacted Defendant to demand that it stop its continuous calls to Plaintiffs' cellular phones.

21. Despite Plaintiffs' multiple efforts, Defendant has continued placing calls to their cellular phones through the filing of this action.

22. Plaintiffs have received over a dozen phone calls from Defendant since their multiple demands that Defendant stop contacting them.

23. Seeing no end to Defendant's conduct, Plaintiffs were forced to hire counsel and their damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. Due to Defendant's conduct, Plaintiffs are entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the harassing and unlawful collection practices described in this Complaint, *supra*.

25. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions, and have suffered severe emotional distress from Defendant's incessant conduct.

26. Plaintiffs have suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages

without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. During answered calls from Defendant, Plaintiffs experienced a noticeable pause lasting a handful of seconds in length, and often had to say "hello" several times prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Additionally, Defendant's continued communications to Plaintiffs' cellular phones after Plaintiffs informed Defendant of their inability to pay, as well as after they demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

30. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiffs' cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

31. Defendant violated the TCPA by placing over a dozen phone calls to Plaintiffs' cellular phones using an ATDS without their consent. Any consent Plaintiffs may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiffs' demands that it cease contacting them.

32. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise

entitled to under 47 U.S.C. § 227(b)(3)(C). By virtue of Plaintiffs' multiple requests that Defendant cease contacting them, Defendant was well-aware that Plaintiffs did not wish to receive additional calls. Yet, Defendant willfully proceeded to place collection calls to Plaintiffs, knowing that Plaintiffs felt harassed by the persistent contacts.

WHEREFORE, Plaintiffs, RONALD MCGEE and RONETTA MCGEE, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

34. Plaintiffs restate and reallege paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiffs are "person[s]" and "consumer[s]" as defined by Ohio Rev. Code §1345.01(B) and (D).

36. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

37. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

    **a. Violations of OCSPA § 1345.02**

38. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair

or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

39. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Mr. McGee informed Defendant that he could not afford to make payment, as he was unable to work as a result of his disabilities. Yet, Defendant's systematic phone calls continued, prompting Mr. McGee to demand that it stop calling him. Mrs. McGee has also echoed the same request to Defendant, but in spite of these efforts, Defendant has continued to contact Plaintiffs in a deceptive attempt to force them to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

    b. **Violations of OCSPA § 1345.03**

40. The OCSPA, pursuant to Ohio Rev. Code §1345.03 states that "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

41. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by continuously calling Plaintiffs over a dozen times after being notified to stop, including multiple phone calls during the same day. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

42. Defendant was notified by Plaintiffs that its calls were not welcomed, especially after learning of Plaintiffs' hardships. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

WHEREFORE, Plaintiffs, RONALD MCGEE and RONETTA MCGEE, respectfully request that this Honorable Court entering judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiffs statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Award any other relief as the Honorable Court deems just and proper.

DATED this 25th day of January, 2021.　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Taxiarchis Hatzidimitriadis*
　　　　　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis #6319225
　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　teddy@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs,*
　　　　　　　　　　　　　　　　　　　　　　　*Ronald & Ronetta McGee*